# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PATRICIA JONES : CIVIL ACTION
:
v. : NO. 09-4393
:
MICHAEL J. ASTRUE, :
Commissioner of Social Security :

## MEMORANDUM

LOWELL A. REED, Jr., Sr., J                                              OCTOBER 27, 2010

       Upon consideration of the brief in support of request for review filed by plaintiff (Doc. No. 9) and defendant's response (Doc. No. 10), the court makes the following findings and conclusions:

       1. On June 12, 2007, Patricia Jones ("Jones") filed for disability insurance benefits and supplemental security income under Titles II and XVI, respectively, of the Social Security Act, 42 U.S.C. §§ 401-433; 1381-1383f, alleging an onset date of February 1, 2007. (Tr. 91-96). Throughout the administrative process, including an administrative hearing held on January 15, 2009 before an ALJ, Jones' claims were denied. (Tr. 9-15; 16-44; 48-57). After the Appeals Council denied review, pursuant to 42 U.S.C. § 405(g), Jones filed her complaint in this court on January 13, 2010. (Tr. 1-3; Doc. No. 4).

       2. In her February 20, 2009 decision, the ALJ concluded, *inter alia*, that: (1) Jones had a severe impairment of status post bilateral knee replacements and a non-severe upper right arm impairment; (2) her impairments did not meet or equal a listing; (3) she had the residual functional capacity ("RFC") to perform light work; (4) she could perform her past work as a customer service representative; and (5) she was not disabled. (Tr. 9 ¶ 4; 11 Finding 3; 11 ¶ 4; 12 Findings 4 & 5; 14 Finding 6; 15 Finding 7; 15 ¶¶ 3-4).[1]

       3. This Court has plenary review of legal issues, but it reviews the ALJ's factual findings to determine whether they are supported by substantial evidence. Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). It is more than a mere scintilla but may be less than a preponderance. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). If the conclusion of the ALJ is supported by substantial evidence, this court may not set aside the Commissioner's decision even if it would

---

[1] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); see 42 U.S.C. § 405(g).

    4. Jones claims that the ALJ erroneously failed to find her right arm nerve impairments[2] severe and to include the resultant manipulative limitations in her RFC assessment and hypothetical question to the vocational expert ("VE"). Jones' strongest evidence in support of her contention is her own testimony of severe pain. See e.g. (Tr. 26-28). However, the ALJ concluded that the medical records and her ability to perform activities of daily living did not support the level of pain alleged by Jones. (Tr. 11 ¶ 4; 14 ¶ 1). Therefore, the ALJ concluded that Jones' testimony regarding the amount of limitation and pain associated with her right arm impairments was not fully credible. (Tr. 13 ¶¶ 2-3). Indeed, after Jones underwent a right elbow subcutaneous ulnar nerve transposition in January 2008, her follow up records show that she was doing well, with symptoms much improved, there was no evidence of atrophy, she had good hand strength, and mild findings in test results. (Tr. 174-75; 176-79; 288; 295).

    Although it is not the only set of conclusions one could draw from the evidence, I find that after careful review of the arguments and record, the ALJ's conclusions that Jones' right arm impairments were not severe and did not result in significant manipulative limitations were supported by substantial evidence. Hartranft, 181 F.3d at 360. As a result, Jones' request for relief must be denied and the decision must be affirmed.

    An appropriate Order follows.

---

[2] Specifically Jones cites to her post ulnar nerve transposition, chronic sensory ulnar neuropathy and chronic right lower cervical radiculopathy.